

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

January 12, 2026

**By CM/ECF**

Nwamaka Anowi, Clerk
United States Court of Appeals
   for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

**Re:** Supplemental Authority In Support of Petition for Rehearing En Banc In
*United States v. Arthur*, No. 24-4306

Dear Ms. Anowi:

Last week, a unanimous panel held that words that "urged no concrete criminal plan and did not provide operational assistance for the commission of any particular offense" were "protected under the First Amendment." *United States v. Al-Timimi*, No. 14-4451, -- F.4th ---, 2026 WL 71062, at *1 (4th Cir. Jan. 9, 2026).

*Al-Timimi* was correctly decided. It also conflicts with *United States v. Arthur*, 160 F.4th 597 (4th Cir. 2025), deepening the intra-circuit conflict regarding the speech-integral-to-criminal-conduct exception. *See* Rehr'g Petn. 13-14.

*Al-Timimi* emphasized that the speech-integral-to-criminal-conduct exception "require[s] an *intent* to bring about a *particular* unlawful act." 2026 WL 71062, at *7 (quotation marks omitted) (first emphasis added); *id.* at *10 (both facilitation and solicitation "require[] an intent to bring about a specific crime").

That position is irreconcilable with *Arthur*, which upheld 18 U.S.C. § 842(p)(2)(B) as consistent with the speech-integral-to-criminal-conduct exception despite conceding that the statute does not require any "sort of specific intent to commit an underlying crime." 160 F.4th at 611; *see also* Rehr'g Resp. at 8-9 (Government suggesting that "the bounds of the . . . exception" do not include "criminal intent").

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Berlin Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

Indeed, *Al-Timimi* rejected the analogy to aiding-and-abetting liability that *Arthur* relied on to reach its result. *Arthur* posited that intent is unnecessary where a defendant is accused of "facilitating[] the underlying crime by intentionally sharing . . . information with someone that they know intends to use it to commit a proscribed crime." 160 F.4th at 609; *see also* Rehr'g Resp. 10. But, as *Al-Timimi* explains, where a defendant's role in "further[ing] the commission of the[] crime[] was to advise individuals;" that "general advice" cannot stand in for "participa[tion] in [the] principal's criminal intent." 2026 WL 71062, at *12-13 (quotation marks omitted).

*Al-Timimi* underscores the need for rehearing. Even if the Government were correct that—at the time the rehearing petition was filed—"no prior precedent ha[d] addressed the question that this case presents," that is no longer true. Rehr'g Resp. at 11. And, as *Al-Timimi* acknowledges, First Amendment challenges are questions of "profound constitutional significance." 2026 WL 71062, at *6.

Respectfully submitted,

/s/ Jo-Ann Tamila Sagar
Jo-Ann Tamila Sagar

*Counsel for Defendant-Appellant
Christopher Arthur*

cc:     All counsel of record (via CM/ECF)