**U.S. Department of Justice**

National Security Division

*Washington, D.C. 20530*

January 13, 2026

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

>       Re:     *United States v. Arthur*, No. 24-4306 (decided Dec. 3, 2025)
>               Response to Federal Rule of Appellate Procedure 28(j) Letter

Dear Ms. Anowi:

I write in response to appellant Christopher Arthur's January 12, 2026, letter. Arthur repeats the same error that lies at the core of his rehearing petition, again claiming that examples of speech integral to criminal conduct are statements about the outer bounds of the doctrine. Regardless of whether *United States v. Al-Timimi* was correctly decided, rehearing *en banc* of Arthur's case remains unwarranted.

In *Al-Timimi*, this Court examined the particular charged crimes: solicitation and aiding and abetting. *See* 18 U.S.C. §§ 2, 373. The panel held that these crimes "both require an intent to bring about a particular unlawful act." 2026 WL 71062, at *7 (cleaned up); *but see* Def. Ltr. 1 (truncating quote and claiming *Al-Timimi* held "that the speech-integral-to-criminal-conduct exception requires" such intent) (cleaned up). In contrast, Arthur's crime did not require such an intent. *See* 18 U.S.C. § 842(p)(2)(B). The Court in *Al-Timimi* had no occasion to opine on the constitutionality of such a statute.

Instead, the Court in that case addressed whether Al-Timimi's conduct constituted "incitement of imminent lawless action or speech that intentionally solicits or facilitates a specific crime." 2026 WL 71062, at *1. The Court concluded that Al-Timimi provided only "general advice" that "did not help anyone to commit crimes" and therefore his speech was not integral to criminal conduct. *Id.* at *12.

Arthur's conduct, and the conduct prohibited by Section 842(p)(2)(B) generally, stands in stark contrast. Arthur provided detailed bombmaking instruction to Buckshot for nearly three hours with the knowledge that Buckshot intended to use that detailed information to kill federal agents. Arthur did not provide, and Section 842(p)(2)(B) does not reach, "general advice" that cannot "help anyone to commit crimes." *Compare* 2026 WL 71062 at *12, *with United States v.*

*Arthur*, 160 F.4th 597, 608 (4th Cir. 2025) ("Those communications [covered by Section 842(p)(2)(B)] are therefore necessary—or 'integral'—to the other person's intended crime.").

While the government disagrees with both *Al-Timimi*'s description of the speech-integral-to-criminal-conduct exception and its application in that case, the discussion was limited to an as-applied challenge to statutes not at issue here. There remains no intra-circuit conflict.

Respectfully submitted,

*s/ Joseph P. Minta*
JOSEPH P. MINTA
Appellate Attorney
National Security Division
U.S. Department of Justice
Washington, DC 20530
202-353-9055
joseph.minta@usdoj.gov

Attorney for Appellee
UNITED STATES OF AMERICA

## Certificate of Service

I hereby certify that on this 13th day of January 2026, a copy of the foregoing letter was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 s/Joseph P. Minta  
Joseph P. Minta  
Attorney for the United States